STATE of Missouri, Respondent,

v.

Eugene Stanford HARRIS, Appellant.

No. 42690.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1981.

James W. Whitney, Jr., Whitney & Burnet, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Eugene S. Harris guilty of felonious assault with malice (§ 559.180 RSMo. 1969). The trial court sentenced him as a prior felon to 25 years in prison.

On appeal defendant contends the trial court erred in failing to suppress the recorded statement defendant gave police, and also as plain error in giving a verdict directing instruction on intent to ravish because that intent was not charged in the state's information.

We relate the state's evidence insofar as it pertains to the points relied on. Defendant offered no evidence.

Prosecutrix "Ms. H" testified that as she was going from a store to the parking lot she was set upon by a group of four men (not including defendant) who robbed her of her purse and then drove her to a secluded area in her car. Within an hour or so each man raped Ms. H. After the last one, she had started to drive off when defendant appeared and jumped on the hood of her car. He forced his way inside; when the car stopped defendant ordered her to undress but she ran from the car toward a lighted house. Defendant caught Ms. H, threw her to the ground, then against the car and began strangling her. Somehow she got loose, back into her car and started off; defendant tried to get inside the car but she sped up, veered and dislodged him.

When arrested defendant's conversation with police was tape recorded. It was wholly exculpatory but did confirm Ms. H's statement defendant had been present. In the statement defendant said he was trying to help guide Ms. H out of the dark secluded area. His point relied on concerns preliminary remarks to him by the police which he now contends tainted his recorded statement by having been induced by police promises. The police had fully informed defendant of his *Miranda* rights and he then signed a waiver form. The statement says one officer preliminarily told defendant their evidence would support either felonious or common assault—that depended on the prosecutor—but if defendant did not cooperate the police could get a felony warrant. The statement was not incriminating because therein defendant denied all the illegal conduct Ms. H had attributed to him.

Defendant cites *State v. Hunter*, 456 S.W.2d 314 (Mo. 1970), where a defendant's connection with a murder was shown only by his challenged confession. Otherwise, the issue of that statement's admissibility parallels the issue here. There, defendant waived his *Miranda* rights but contended the incriminating statement was involuntary because there, as here, police had told defendant if he cooperated the prosecutor would consider a lesser charge. On appeal the supreme court upheld the statement's admission because defendant did not show it was coerced by false promises of leniency; that the police officer's statement to defendant that if he cooperated the prosecutor might consider a lesser charge did not make the statement involuntary.

Defendant's contention his statement here was involuntary does not meet the test of showing his "will was overborne by the law enforcement officers". *State v. Har-*

*vey,* 609 S.W.2d 419 [1] (Mo. 1981). Nor does the evidence here show "physical force, threats, promises or coercive tactics were used". *State v. Crowley,* 571 S.W.2d 460 [9, 10] (Mo.App. 1978). Accordingly, we hold the trial court did not err in admitting defendant's statement into evidence.

We now look to defendant's complaint against the verdict directing instruction; it was not raised in the trial court and is concededly presented here as plain error. After hypothesizing a malicious assault on the victim the instruction required a finding that in assaulting the victim defendant intended to rape her. The instruction precisely followed one of the alternatives in MAI–CR 6.22(b). Defendant contends this departed from the state's information which charged defendant with assault with intent to do great bodily harm. Defendant argues this was a fatal variance from the state's information. Variance between the state's information and an instruction is fatal only when a new and distinct offense is submitted. *State v. Singleton,* 602 S.W.2d 3 [7–9] (Mo.App. 1980).

We look to the statute under which defendant was charged, § 559.180 RSMo. 1969. Its relevant words prescribe imprisonment for "every person who shall on purpose and of malice aforethought...assault or beat another...by any...means likely to produce...great bodily harm, with intent to maim...(or) ravish...such person...".

Defendant's contention of variance is negated by *State v. Hardy,* 359 Mo. 1169, 225 S.W.2d 693 [6] (1950) dealing with the statutory predecessor of § 559.180, RSMo. 1969. The court there ruled the gist of the crime is assault and "whether made with intent to kill or made to do great bodily harm stand on the same footing. The punishment prescribed is for the assault. The intent with which the assault is committed is immaterial so long as it is made with intent to do one or more of the acts mentioned in the section." We hold there was no variance here.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.